SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

Francis J. Jones, Jr., Esquire
Morris James, LLP
803 North Broom Street
Wilmington, Delaware 19806

David Malatesta, Jr., Esquire
Kent & McBride, P.C.
824 North Market Street, Suite 805
Wilmington, Delaware 19801

Robert D. Schultz, Esquire
14 North Hanson Street
Easton, Maryland 21601

**Re:** ***Slaubaugh Farm, Inc. v. Farm Family Cas. Ins. Co.***
**C.A. No. S16C-06-033 ESB**

Date Submitted:    June 26, 2018
Date Decided:     July 23, 2018

Dear Counsel,

This is my decision on the Motion for Partial Summary Judgment filed by Plaintiffs Slaubaugh Farm, Inc., and Sarah and Lambert Slaubaugh (collectively, "the Plaintiffs") in this breach of contract and negligence action arising out of the construction and subsequent collapse of one of the Plaintiffs' poultry houses. The Plaintiffs' poultry houses were covered under an insurance policy (the "Policy") issued by Defendant Farm Family Casualty Insurance Company ("Farm Family"). During the weekend of January 23 and 24 of 2016, a blizzard swept through Sussex

County, Delaware. On January 24, 2017, one of the Plaintiffs' recently-constructed poultry houses ("the Poultry House") collapsed. The Plaintiffs sought coverage from Farm Family for their loss. An engineer retained by Farm Family attributed the loss to snow accumulation on the roof. A second engineer retained by Farm Family concluded the roof trusses in the Poultry House failed due to insufficient strength of the truss connector plates used in the Poultry House's construction. Farm Family initially denied the Plaintiffs' claim because the Policy did not cover damages caused by snow. Farm Family subsequently denied the Plaintiffs' claim because the Policy also excluded damages caused by the defective design and construction of the Poultry House.

The Plaintiffs filed a complaint alleging Farm Family breached the terms of the Policy in denying their claim, acted in bad faith in doing so, and was negligent in assisting the Plaintiffs with the procurement of insurance. The Plaintiffs also sued the Farm Family agent who sold them the Policy as well as Kingston Construction Equipment Company, Inc., which constructed the Poultry House. The Plaintiffs have now filed a Motion for Partial Summary Judgment against Farm Family. Farm Family argues that it is actually the party entitled to summary judgment as a matter of law.

I have denied the Plaintiffs' Motion for Partial Summary Judgment and found

that Farm Family is entitled to summary judgment as a matter of law. Farm Family denied the Plaintiffs' claim because the Policy does not cover losses attributable to snow accumulation and excludes losses attributable to the defective design and construction of the Poultry House. The Plaintiffs are unable to show that Farm Family acted without reasonable justification in reaching those conclusions at the time they were reached.

## STANDARD OF REVIEW

This Court will grant summary judgment only when no material issues of fact exist, and the moving party bears the burden of establishing the non-existence of material issues of fact.[1] Once the moving party has met its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[2] Where the moving party produces an affidavit or other evidence sufficient under Superior Court Civil Rule 56 in support of its motion and the burden shifts, the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial.[3] If, after discovery, the non-moving party cannot make a sufficient showing of the existence of an essential element of his or her

---

[1] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).

[2] *Id.* at 681.

[3] Super. Ct. Civ. R. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

case, summary judgment must be granted.[4] If, however, material issues of fact exist, or if the Court determines that it does not have sufficient facts to enable it to apply the law to the facts before it, summary judgment is inappropriate.[5] In the event that parties file cross-motions for summary judgment, "the parties implicitly concede the absence of material factual disputes and acknowledge the sufficiency of the record to support their respective motions."[6]

## DISCUSSION

**A.    The Policy**

The Policy provides:

DIVISION II - BUILDINGS AND BUILDING CONTENTS

Section A Buildings

If a limit of liability is shown for Section A on the coverage selection page, this Division covers BUILDINGS and structures only as specifically shown on the Schedule of Buildings and Building Contents and only for direct loss caused by one or as a result of the Peril Group shown on the Schedule.[7]

The Schedule of Buildings and Building Contents indicates that the Poultry

---

[4] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991), *Celotex Corp.*, *supra*.

[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

[6] *Browning–Ferris v. Rockford Enters.*, 642 A.2d 820, 823 (Del. Super. Ct. 1993); *see also* Super. Ct. Civ. R. 56(h).

[7] Plaintiffs' Motion for Partial Summary Judgment, at Exhibit 1.

House was insured under Peril Group 4. Peril Group 4 covers perils identified in the Policy by letters A-K: A) Fire and/or Lightning; B) Windstorm or Hail; C) Explosion; D) Riot and Civil Commotion; E) Aircraft; F) Vehicles; G) Smoke; H) Vandalism and Malicious Mischief; I) Theft; J) Breakage of Glass or Safety Glazing Material; and K) Collision, Upset or Overturn of a Vehicle.

The Policy also identifies a number of exclusions. The pertinent one excludes any loss resulting directly or indirectly from:

12.     Error, Omissions and Defects, which result from one or more of the following:

a.     an act, error or omission (negligent or not) relating to:

...

2) the design, specification, construction, workmanship or installation of the property[.][8]

**B.    The Poultry House's Collapse and Farm Family's Response**

On January 24, 2016, Plaintiff Lambert Slaubaugh reported the collapse of the Poultry House to Farm Family and requested immediate assistance due to the presence of live chickens trapped in the collapsed Poultry House. A Farm Family adjuster assigned to handle the claim arranged for an engineer to visit and inspect the

---

[8] *Id.*

Slaubaugh property. The adjuster chose the engineer, Harvey Kagan of Construction Consultants Group, LLC, from a pre-approved list of engineers available to Farm Family for use by Farm Family adjusters. Mr. Kagan arrived to inspect the property on January 25, 2016. Mr. Kagan walked the property, spoke with the insureds, observed the construction of the Poultry House, and took note of the weather conditions. Later that day, Mr. Kagan sent a memo to Farm Family, detailing his actions at the Slaubaugh property and opining, "The trusses had gone down vertically indicating this was a truss failure, not a failure of the truss bracing system. All the trusses I could see had failed in the same manner. This indicated to me that the failure was strictly due to snow overloading the trusses."[9] Mr. Kagan ultimately concluded that the Poultry House collapsed due to snow accumulation and recommended that the roof trusses of another poultry house, constructed at the same time as the Poultry House but that did not suffer visible damage, be checked for damaged truss members or connectors. Based on Mr. Kagan's inspection and report, Farm Family issued a letter to the Plaintiffs on January 26, 2016, denying coverage because its investigation had determined the cause of the damage to the Poultry House was the result of weight of ice, snow, or sleet; *i.e.*, a peril not covered by the Policy.

---

[9] Defendant Farm Family's Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment, Exhibit 5 (hereinafter, "Def. Response, Ex. __").

Although the other poultry house had not suffered discernable damage, Farm Family arranged for another engineer to examine it. On January 29, 2016, David Fender of Potomac American Group, LLC, also a pre-approved engineer for use by Farm Family, inspected the Slaubaugh property.

After Mr. Kagan returned from a scheduled vacation, he issued a more formal and detailed report to Farm Family on February 1, 2016. He reiterated therein his conclusion that the failure of the metal connector plates was due to the weight of the snow on the roof.

On February 5, 2016, Mr. Fender submitted his report to Farm Family summarizing his observations, investigation, and conclusions regarding the Poultry House's collapse. Mr. Fender attributed the cause of the collapse to the "insufficient strength of the truss connector plates used."[10]

Neither engineer recommended to Farm Family that additional testing or investigation was needed or desired.

On February 16, 2016, Farm Family issued a second denial letter to the Plaintiffs, summarizing Mr. Fender's report. As the basis for the denial of the Plaintiffs' claim, the letter cited the Policy's exclusion for defects in design or construction and the fact that snow accumulation was not a covered peril under the

---

[10] Def. Response, Ex. 8.

7

Policy.

## C. The Applicable Law and the Parties' Contentions

The parties agree on the applicable law. Delaware law imposes a duty of good faith and fair dealing on insurers.[11] "Subsumed within this obligation is the obligation on the insurer to exercise reasonable care in investigating claims."[12] In order to prove a breach of contract claim on the basis of a breach of the implied obligations of good faith and fair dealing by an insurer's failure to investigate a claim or denial of payment, the insured must show the insurer's "refusal to honor its contractual obligation was clearly without any reasonable justification."[13] "The ultimate question is whether *at the time the insurer denied liability*, there existed a set of facts or circumstances known to the insurer which created a bona fide dispute and therefore a meritorious defense to the insurer's liability."[14]

The Plaintiffs argue that they are entitled to summary judgment because Farm Family has admitted, by way of Mr. Fagan's deposition testimony, that the collapse of the Poultry House was not "properly investigated." Because Mr. Kagan conducted

---

[11] *Aetna Cas. & Sur. Co. v. Mantakounis*, 1996 WL 190046, at *3 (Del. Super. Ct. Mar. 5, 1996).

[12] *Id.*

[13] *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 369 (Del. Super. Ct. 1982).

[14] *Id.* (emphasis added).

the initial investigation of the Poultry House's collapse, the Plaintiffs contend the inadequacy of the investigation was known to Farm Family at the time. Therefore, the Plaintiffs reason that Farm Family's denial of their insurance claim was without any reasonable justification and that the Plaintiffs are entitled to judgment as a matter of law upon their breach of contract and bad faith claims against Farm Family.

Farm Family agrees that there is no issue of material fact in dispute. However, Farm Family argues that its denial of the Plaintiffs' claim was properly based on Mr. Kagan's report at the time. Farm Family disputes the Plaintiffs' theory that, because Mr. Kagan *subsequently* opined that a "proper" forensic investigation had not been completed, it improperly relied upon Mr. Fagan's opinion at the time it denied the Plaintiffs' claim.

## D.    Analysis

The Plaintiffs' argument hinges on the testimony of Mr. Kagan taken at his deposition on August 23, 2017, and a report Mr. Kagan submitted to counsel during the course of this litigation.[15] At his deposition, Mr. Kagan testified he spent several hours at the Plaintiffs' property taking photographs and investigating the scene. Mr. Kagan also testified that he did not bring any tools with him and did not weigh or

---

[15] This report is cited to as "Exhibit 6" in the Plaintiffs' Motion for Partial Summary Judgment. However, the report is not attached thereto. The Plaintiffs only attached three exhibits to their motion.  However, the report is referenced and quoted in Mr. Kagan's deposition, which was attached to the Plaintiffs' motion.

calculate the weight of the snow resting upon the Poultry House's roof or that of a neighboring poultry house. The Plaintiffs assert that Mr. Kagan essentially admitted that he did not perform any engineering calculation or analysis of any kind. The Plaintiffs elicited from Mr. Kagan his current belief that a proper forensic investigation of the Poultry House was not conducted.

The Plaintiffs do not argue that further investigation would have uncovered any information that would entitle them to coverage under the Policy. Instead, the Plaintiffs argue that Farm Family's failure to mount a full-scale investigation establishes a bad faith failure to investigate their claim as a matter of law. I decline to so hold. At the time Farm Family denied the Plaintiffs' claim, it had in its possession a report from its engineering expert, Mr. Kagan, stating the cause of the Poultry House's collapse was snow accumulation, a peril for which the Poultry House's was not insured under the Policy. Farm Family was entitled to rely on the inspection and report of their expert at the time the claim was presented to it.[16] Farm Family also exercised additional care in sending out an additional engineer, Mr.

---

[16] *Esposito v. State Farm Mut. Ins. Co.*, 2016 WL 362689, at * 3 (Del. Super. Ct. Jan. 27, 2016) ("It is undisputed that at the time [the insurer] denied payment for Plaintiff's cervical spine surgery expenses [the insurer] had in its possession a report from a board certified neurologist, which concluded that Plaintiff's cervical spine surgery was not related to the ... collision....Given [that fact], Plaintiff has failed to establish a reasonably conceivable set of circumstances susceptible of proof that [the insurer's] denial of benefits was without any reasonable justification.") (citations and internal quotation marks omitted).

Fender, to inspect what appeared to be an undamaged poultry house. Based on the results of Mr. Fender's investigation, Farm Family updated and notified the Plaintiffs of the reasons for its denial of the Plaintiffs' claim.[17]

At the end of the day, the reason for the Poultry House's collapse - be it snow accumulation or an error in design or construction - was not covered under the Policy. I conclude that Farm Family was justified in relying upon the expert opinion of Mr. Kagan that, at the time the Plaintiffs' claim was presented to Farm Family, the cause of the Poultry House's collapse was snow accumulation on the Poultry House's roof that the Poultry House's trusses could not support and that a more thorough investigation was not necessary. I reach the same conclusion regarding Farm Family's subsequent and expanded denial of the Plaintiffs' claim, which was based on the expert opinions of Messrs. Kagan and Fender regarding the reason for the Poultry House's collapse and their opinion that no further investigation was

---

[17] In a footnote, the Plaintiffs challenged the validity of Mr. Kagan's report because he was not a licensed Delaware engineer at the time he issued it. This argument is based on a case that was decided after the events in this case took place and concerned the unlicensed practice of engineering. That case, *Szayna v. Delaware Association of Professional Engineers*, 2016 WL 1169122 (Del. Super. Ct. Mar. 21, 2016), does not squarely address the situation at bar. Farm Family responds to the Plaintiffs' argument by noting that previous case law has required an insured to show a causal link between his loss and the license status of a professional. That is, there is no *per se* breach of fiduciary duty when an insurer uses the services of a professional not licensed in Delaware. *Mantakounis*, 1996 WL 190046, at \*\*4-5. The Plaintiffs are unable to show a causal link between Mr. Kagan's license status and their loss. Moreover, in the event they were able to show a connection, Farm Family's subsequent reliance on Mr. Fender's opinion would sever it.

necessary.

There are no issues of material fact that preclude me from ruling on the Plaintiffs' Motion for Partial Summary Judgment and it is DENIED.

**CONCLUSION**

The Motion for Partial Summary Judgment filed by Plaintiffs Slaubaugh Farm, Inc., and Sarah and Lambert Slaubaugh is DENIED and Defendant Farm Family is entitled to judgment as a matter of law on Plaintiffs' breach of contract and bad faith claims against Farm Family.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

oc:    Prothonotary
       All Counsel of Record